

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 28, 1969

Honorable H. B. Virgil Crawford
County Attorney
Terry County
Brownfield, Texas 79316

Opinion No. M-385

Re: Whether the Terry
County Hospital Dis-
trict must furnish
ambulance service and
whether Terry County
and the City of Brown-
field can participate
in providing funds for
ambulance service.

Dear Mr. Crawford:

You have requested the opinion of this office on the following questions:

"1. Is ambulance service a part of medical care required of a hospital district, such as ours, and under the present situation?

"2. Are Terry County and the City of Brownfield barred from participation in providing funds for ambulance service in Terry County?

"3. Can city, county, or hospital expend money to subsidize private ambulance service?"

The Terry Memorial Hospital District was created pursuant to the provisions of House Bill 1146, Acts 59th Leg. R.S., 1965, Ch. 653, p. 1502, as authorized by Section 9 of Article IX of the Texas Constitution. Under House Bill 1146, the district is given full responsibility for the medical and hospital care of the needy and indigent persons within the district.

The pertinent parts of House Bill 1146 are as follows:

"Sec. 2. The District herein author-
ized to be created shall take over and there

- 1902 -

shall be transferred to it title to all
lands, buildings, improvements and equip-
ment in anywise pertaining to the hospitals
or hospital systems owned by Terry County
and any city or town within such County,
and thereafter the District shall provide
for the establishment of a hospital system
by the purchase, construction, acquisition,
repair or renovation of buildings and equip-
ment, and equipping the same and the admin-
istration thereof for hospital purposes.
Such District shall assume full responsibil-
ity for providing medical and hospital care
for its needy inhabitants and shall assume
the outstanding indebtedness which shall
have been incurred by any city or town or by
Terry County for hospital purposes prior
to the creation of said District. . . .

"Sec. 5. . . . The Board of Directors
shall have the authority to employ such
nurses, technicians, and other lay personnel
as may be deemed necessary for the efficient
operation of the District. . . .

"Sec. 17. After creation of Terry Memo-
rial Hospital District, neither Terry County,
Texas, nor any city or town therein shall
thereafter issue bonds or other evidences of
indebtedness or levy taxes for hospital pur-
poses or for medical care, and the said Terry
Memorial Hospital District shall assume full
responsibility for the operation of all hos-
pital facilities for the furnishing of medical
and hospital care of indigent persons."
(Emphasis added.)

This office has previously expressed the view,
in Attorney General's Opinion C-759 (1966), that the
operation of an ambulance service, while not exclusively
a hospital service, is sufficiently related to the effec-
tive and efficient operation of a hospital as to be with-
in the authority of the Board of Managers of a hospital
district to acquire and operate such an ambulance service
in carrying out its duties within the district. C-759
expressly stated that the authority of the district with
regard to the operation of an ambulance service was not
exclusive and did not preclude the operation of such a
service within the district by others. The essence of the

holding in C-759 was that ambulance service was an an-
cillary function which a hospital district could undertake
if it were deemed necessary, but that such service was not
a duty which fell exclusively upon the district. We adhere
to that holding.

With regard to your second question, the pro-
tection and preservation of the public health is within
the scope of the police power of the State, and in carrying
out its responsibilities, the county, city or hospital dis-
trict is exercising delegated powers of the State within
the limits of the county, city or hospital district. City
of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872 (1937).
Under the provisions of Article 4418f, Vernon's Civil
Statutes, a county has the authority to operate and main-
tain an ambulance service within the county if the Com-
missioners Court determines that such service is in further-
ance of the public health and sanitation. Under the au-
thority of Article 4434 a county may cooperate with incor-
porated cities within the county in the operation of an
ambulance service, provided that the extent of the county's
contribution under the agreement does not contravene the
limitations of Article III, Section 52, Texas Constitution.
Attorney General's Opinion C-772 (1966).

With regard to cities and towns, Attorney
General's Opinion M-231 (1968) expressed the view that
Article XI, Sections 4 and 5, Texas Constitution, and
Articles 1011 and 1175, Vernon's Civil Statutes, con-
stituted authority for the governing bodies of such
cities and towns to operate emergency ambulance serv-
ices within their cities in order to protect the health,
safety and general welfare of the citizens.

Taking into consideration all of the various
authorities and powers that have been discussed above,
together with the fact that at no time has the Legis-
lature made an express statement regarding the authority
to perform ambulance services, it is the opinion of
this office that towns, cities, counties and hospital
districts each have the authority to provide such serv-
ices to the citizens of this State within the limits of
their respective constitutional and statutory authoriza-
tion, and may also join together in a cooperative enter-
prise for such services.

With respect to your third question, in accordance
with Attorney General's Opinions C-759 and C-772, you are
advised that Terry County, the City of Brownfield and the

Terry Memorial Hospital District have the authority to expend money to provide ambulance service when there has been a determination by the governing body of each governmental agency that such service will be in furtherance of the public health and general welfare of their citizens. This authority extends to entering into contracts with a private agency to provide ambulance service, subject to the provisions of Article III, Section 52, Texas Constitution.

## S U M M A R Y

The furnishing of ambulance service is not an exclusive duty of a hospital district within the meaning of House Bill 1146, Acts 59th Leg., 1965, Regular Session, Ch. 653, p. 1502, but the furnishing of such service is within the authority of the district if the Board of Directors deem such service necessary for the effective and efficient operation of the district.

Cities and counties within a hospital district have authority to furnish ambulance service, cooperate with each other and the hospital district for the furnishing of such services, or may contract with a private agency for ambulance service.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Malcolm L. Quick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Pat Bailey, Chairman
W. O. Shultz
Roger Tyler
Fisher Tyler
Allo Crow

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant